# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ann Peters
70 Lexington Avenue
Lumberton, NJ 08048

**DEFENDANTS**
CFG Health Systems, LLC
765 E. route 70, Suite D-125
Marlton, NJ 08053

**(b)** County of Residence of First Listed Plaintiff: Burlington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Burlington
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | **LABOR** | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | [X] 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e-2(a)

Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 10/13/2025

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANN PETERS<br>70 Lexington Avenue<br>Lumberton, NJ 08048 | :<br>:<br>:<br>: | JURY OF TWELVE DEMANDED |
| Plaintiff, | : | |
| v. | : | No. |
| CFG HEALTH SYSTEMS, LLC<br>765 E. Route 70, Suite D-125<br>Marlton, NJ 08053 | :<br>:<br>:<br>: | |
| And | : | |
| CAMDEN COUNTY CORRECTIONAL<br>FACILITY<br>330 Federal Street<br>Camden, NJ 08102 | :<br>:<br>:<br>: | |
| Defendants. | : | |

### CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, ANN PETERS (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, CFG HEALTH SYSTEMS, LLC (hereinafter "CFG") is a business corporation duly organized and existing under the laws of the State of New Jersey.

3. Defendant, CAMDEN COUNTY CORRECTIONAL FACILITY (hereinafter "CCCF") is a business corporation duly organized and existing under the laws of the State of New Jersey. Both Defendants are hereinafter referred to as "Defendants".

4. At all times material hereto, Defendants qualify as Plaintiff's "employer" under the Age Discrimination in Employment Act, and the New Jersey Law Against Discrimination.

5. This action is instituted pursuant to the Age Discrimination in Employment Act, and the New Jersey Law Against Discrimination as well as state common law.

6. Venue is properly laid in this county because Defendants conduct business in this county, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this county.  Plaintiff was working for Defendants at their correctional facility located in Camden New Jersey, and was a resident of Burlington County, State of New Jersey at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

7. On or about August 9, 2012, Defendant CFG hired Plaintiff, currently a sixty-five (65) year old woman, as a dental assistant, working out of Defendant CCCF's Camden County correctional facility location as captioned above.

8. At all times, Plaintiff was qualified for her position with Defendants and performed her job without issue, even having been awarded commendations for her work.

9. In 2022, Plaintiff came under the management of a new regional director, Karen Newell, as well as a newly-appointed Human Services Administrator, Adrian Evans.

10. Upon Ms. Evans' assumption of this role, Plaintiff became the target of harassment as a result of her sex and age.

11. Ms. Evans would routinely call Plaintiff "lazy", make statements that she "couldn't wait to get rid of" Plaintiff, and even threatened that she would have her pit bulls "take care of" Plaintiff, if Plaintiff were to report Ms. Evans.

12. As a result of similar treatment, one of Defendants' dentists, who is approximately two (2) years older than Plaintiff, resigned from his position.

13. This resignation seemingly prompted Ms. Evans to ramp up her behavior in an effort to get Plaintiff to resign as well.

14. As the harassment continued, Plaintiff began to experience fear, nervousness, and anxiety.

15. Plaintiff was eventually forced to email Ms. Newell twice in one week to make complaints regarding the harassment and hostile work environment.

16. Upon information and belief, no action was taken against Ms. Evans.

17. However, in retaliation for Plaintiff's complaints, Ms. Evans began to refuse to speak with Plaintiff at all, and additionally refused to include Plaintiff in any department meetings when Plaintiff should have been included.

18. Finally, on or about August 28, 2024, Ms. Evans revoked Plaintiff's clearance for Camden County Correctional Facility without any legitimate justification, terminating her from her position.

19. Upon information and belief, Plaintiff was replaced by a younger employee.

20. At the time of her termination, Plaintiff was the oldest employee in the dental department.

21. Plaintiff had not received any warnings or complaints with respect to her work in the many years she was employed by Defendants.

22. As described above, Plaintiff was subjected to age and sex discrimination and a hostile work environment while employed by Defendants.

23. Defendants terminated Plaintiff's employment in retaliation for making complaints of age and sex discrimination.

24. As a direct and proximate result of Defendants' conduct in terminating Plaintiff, Plaintiff sustained economic loss, lost back pay, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I – EMPLOYMENT DISCRIMINATION - RETALIATION**
**(42 U.S.C.A. § 2000e-2(a))**

25. Plaintiff incorporates paragraphs 1-24 as if fully set forth at length herein.

26. At set forth above, by making complaints of sex discrimination, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

27. Defendants took adverse action against Plaintiff by terminating her employment.

28. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendants' decision to terminate her employment.

29. Plaintiff's membership in a protected class was a motivating factor in Defendants' decision to terminate her employment.

30. As such, Defendants' decision to terminate Plaintiff's employment is an unlawful employment practice, under 42 U.S.C. § 2000e-2(a).

31. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

32. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

33. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorney fees and court costs.

**COUNT II—AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C.A. §621, et seq.**

34. Plaintiff incorporates paragraphs 1-33 as if fully set forth at length herein.

35. Plaintiff is over forty (40) years of age.

36. Defendants terminated Plaintiff's employment.

37. At all times, Plaintiff was qualified to perform the work for which she was hired by Defendants.

38. As set forth above, Plaintiff was treated less favorable than other younger employees.

39. As such, Defendants have violated the Age Discrimination in Employment Act, 29 U.S.C.A. §621, et seq.

40. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

41. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

42. Plaintiff demands attorney fees and court costs.

### COUNT III – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Hostile Work Environment; 42 U.S.C.A. § 2000 et seq)

43.　　Plaintiff incorporates paragraphs 1-42 as if fully set forth at length herein.

44.　　Defendants employed fifteen (15) or more employees in 2024.

45.　　Plaintiff was subjected to harassment due to her age and gender while being employed by Defendants.

46.　　The aforementioned actions and conduct were severe, pervasive and continuous and created a hostile work environment for Plaintiff to work within.

47.　　Defendants' conduct, as set forth above, violated Title VII of the Civil Rights Act of 1964.

48.　　As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of their earning power and capacity and a claim is made therefore.

### COUNT IV – NEW JERSEY LAW AGAINST DISCRIMINATION

49.　　Plaintiff incorporates paragraphs 1-48 as if fully set forth at length herein.

50.　　At all times material hereto, and pursuant to the New Jersey Law Against Discrimination, N.J.S.A 10:5-12, an employer may not discriminate against an employee based on age or sex.

51.　　Plaintiff is a qualified employee and person within the definition of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

52. Defendants are "employers" and thereby subject to the strictures of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

53. Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her age and sex and in retaliation for making a complaint of a hostile work environment and constitutes a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

54. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

55. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

56. Pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12, et seq, Plaintiff demands attorneys fees and court costs.

**WHEREFORE**, Plaintiff, ANN PETERS, demands judgment in her favor and against Defendants, CFG HEALTH SYSTEMS, LLC and CAMDEN COUNTY CORRECTIONAL FACILITY in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering and personal injury damages;

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

                                              LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
      GRAHAM F. BAIRD, ESQUIRE
      Two Penn Center
      1500 JFK Boulevard, Suite 1240
      Philadelphia, PA 19102

      Attorney for Plaintiff, Ann Peters

Date: 10/13/2025

# EXH. A

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107-3126
Email: PDOcontact@eeoc.gov
Website: eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

To: Ann Peters
70 Lexington Avenue
Lumberton, NJ 08048

Re: Ann Peters v. CFG HEALTH SYSTEMS LLC
EEOC Charge Number: 530-2025-02979

EEOC Representative and phone:     Philadelphia Legal Unit, (267) 589-9707

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough
July 17, 2025

Karen McDonough
Deputy District Director

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**PRIVATE SUIT RIGHTS   --      Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3- year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.  Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 530-2025-02979 to the District Director at Jamie Williamson, 801 Market St Suite 1000, Philadelphia, PA 19107. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login or PHILFOIA@eeoc.gov.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107-3126
Email: PDOcontact@eeoc.gov
Website: eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

To: Ann Peters
70 Lexington Avenue
Lumberton, NJ 08048

Re: Ann Peters v. CAMDEN COUNTY CORRECTIONAL FACILITY
EEOC Charge Number: 530-2025-02981

EEOC Representative and phone:   Philadelphia Legal Unit, (267) 589-9707

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough
July 17, 2025

Karen McDonough
Deputy District Director

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**PRIVATE SUIT RIGHTS  --         Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3- year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.  Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 530-2025-02981 to the District Director at Jamie Williamson, 801 Market St Suite 1000, Philadelphia, PA 19107. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login or PHILFOIA@eeoc.gov.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.